OPINION. Rice, Judge: The parties agree that the Corporation had sufficient earnings and profits as of December 31,1946, to have paid a dividend in the amount of $5,647.07. The petitioner argues that the payment was not a dividend, but was received as partial payment for assets transferred to the Corporation at book value. The respondent argues that, on September 16, 1946, all of the assets were sold to the Corporation by the partners of the Company in return for stock; that, subsequent to that date, they had no interest in such assets; that there was no obligation on the part of the Corporation to pay the money; and, therefore, that it is taxable as a dividend under section 115 (a) of tlie Code. It is true that the offer to exchange the assets for the stock in the Corporation was made and accepted on September 16, 1946. The value of the assets transferred to the Corporation represented the value of such assets as reflected by the books and records of the Company as of September 16, 1946. It was the intent of the parties to transfer them at book value. Subsequent to such date, adjustments made by the respondent in the tax returns filed by the partnership for the period July 1, 1942 through September 16, 1946, disallowing certain deductions as ordinary and necessary business expenses and capitalizing the same with an allowance for depreciation, resulted in an increase in the book value of the assets as of September 16, 1946. The action of the Corporation, recognizing this adjustment by putting journal entries on its books, as of December 31, 1946, increasing the value of such assets and recording a liability in the same amount to petitioner, was a direct result of such adjustments by the respondent. In effect, there was a reformation of the contract of September 16,1946. While it may be true that the Corporation was not legally obligated to make such adjustment, there is no prohibition against parties to a contract amending it, and that is what occurred in this case. The respondent, by his own action, placed the parties in a position of having conveyed assets at less than book value, which they had intended to convey at book value. The adjustments made by respondent, and acquiesced in by the contracting parties, were capital in nature. No income was created thereby, or resulted therefrom. Cf. Curran, v. Commissioner, 49 F. 2d 129 (C. A. 8, 1931); Frank W. Ross, 44 B. T. A. 1 (1941); Herff & Dittmar Land Co., 32 B. T. A. 349 (1935). Nor was there any realization by the partners of any appreciation in value of partnership assets, nor any earnings therefrom which could create taxable income. The depreciated costs of the assets were established to be more than the book values upon which the parties had contracted. This unexpected difference in values, arising out of a mutual mistake of fact, was taken care of by the contracting parties by a cash payment of the difference to the trans-ferors. It is immaterial that the money was all paid to petitioner rather than pro rata to all the stockholders. It did not constitute income to any of them, and was their capital to do with as they wished. That they were willing for petitioner to receive all of it has no effect -upon the income tax liability for such money. Under such circumstances, the respondent erred in determining that the $5,647.07 constituted taxable income to petitioner during the year 1946. Decision will be entered for the 'petitioners,